IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY DEAN KLINE,
    Plaintiff,

-vs-        Civil Action No. 18-260

ANDREW M. SAUL,[1]
COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), John Benson, held a video hearing on April 11, 2017. (ECF No. 7-3, pp. 2-38). On May 1, 2017, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 18-32).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. **LEGAL ANALYSIS**

### A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing of Medical Evidence

Plaintiff first argues that the ALJ erred in weighing the opinion evidence of record. (ECF No. 10, pp. 13-16). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

3

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ erred in assigning great weight to the opinions of Dr. Mrykalo, the state agency psychological consultant, a non-examining source, while giving little weight to the opinion of Dr. Billings, the consultative examiner. (ECF No. 10, pp. 13-15). Plaintiff suggests that it was pure speculation on the part of the ALJ to give Dr. Mrykalo's opinion great weight because it was based on "scant records from the Plaintiff's treating physician and a one-time consultative examiner, the latter of which he discounted." (ECF No. 10, p. 14). After a review of the record, I disagree. According to the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating

4

Opinion Evidence). Here, the ALJ discounted Dr. Billings' assessment because it was inconsistent with the medical evidence. (ECF No. 7-2, p. 29). Consistency is a valid reason for crediting or discrediting evidence. *See,* 20 C.F.R. §§416.927, 404.1527 (Evaluating Opinion Evidence). Furthermore, based on my review of decision and the record, I find the ALJ's decision in weighing the medical evidence is supported by substantial evidence. (ECF No. 7-2, pp. 23-30). Thus, I find no merit to this argument.

Plaintiff next argues that the ALJ erred "in finding that the Plaintiff's treatment record from The Guidance Center contradicted the Plaintiff's allegations of impairment." (ECF No. 10, pp. 13, 15-16). To that end, Plaintiff suggests that the "ALJ cannot logically compare the treatment records and Dr. Billings' assessment to accurately determine the Plaintiff's level of impairment" because The Guidance Center did not complete a mental health assessment. *Id.,* at 16. Contrary to Plaintiff's position, that is not the law. As set forth above, the ALJ is charged with the responsibility of making a residual functional capacity determination ("RFC"). RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Therefore, I find no merit to this argument and find that remand is not warranted on this basis.

### C. <u>Duty to Develop</u>

Plaintiff further argues that the ALJ erred in "fail[ing] to complete the record" regarding his cognitive functioning. (ECF No. 10, pp. 16-17). I disagree. The regulations make clear that it is the plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §§404.1512(a-c), 416.912(a-c). This burden does not shift to the ALJ.

Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R.

§§404.1512(d), 416.912(d).  Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant where the duty is heightened.  *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984).  Such is not the case here.  "When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits."  *Yoder v. Colvin,* No. 13-107, 2001 WL 2770045, *3 (W.D. Pa. June 18, 2014), *citing Lofland v. Astrue,* No. 12-624, 2013 WL 3927695, *17 (D. Del. July 24, 2013).  Plaintiff has been represented by counsel at all times.  Yet, at no time did counsel seek to keep the record open to secure more medical records or any other additional evidence, expert or otherwise.  (ECF No. 7-3, pp. 2-38).  In fact, Plaintiff's counsel fails to offer any explanation as to why he did not do the same.  *See,* ECF No. 10.  The only assertion is that Plaintiff "raised this issue to the ALJ prior to the hearing," but Plaintiff fails to cite any evidence of the same.  (ECF No. 10, p. 16).

      Based on my review of the record, I find there was sufficient evidence of record for the ALJ to make a determination of disability as to Plaintiff's cognitive functioning.  *See,* ECF No. 7-2, pp. 16-32.  Therefore, I find the ALJ did not have a duty to develop the record further.  I further find there is sufficient evidence such that I am able to make a proper determination.  Here, the ALJ found that Plaintiff has RFC to perform light work with certain exceptions including, *inter alia,* he "is limited to performing simple routine tasks, making simple work related decisions, no interactions with the public, and occasional interaction with coworkers, though frequent during training, etc."  (ECF No. 7-2, p. 23).  Upon review, I find that there is substantial evidence to support the ALJ's decision.  *Id.* at pp. 23-30.  Consequently, remand on this basis is not warranted.

      An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY DEAN KLINE, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 18-260 |
| ANDREW M. SAUL,[2] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 21st day of January 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 11) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[2] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.